IN RE ESTATE OF LOGAN ENYART.
F. H. MARNELL, ADMINISTRATOR, ET AL., APPELLEES, V.
GEORGE S. KOSER, APPELLANT.

FILED FEBRUARY 13, 1928. No. 26155.

*Pitzer & Tyler* and *Lloyd E. Peterson,* for appellant.

*Paul Jessen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOOD, J.

This appeal arises out of the proceedings to probate the estate of Logan Enyart, deceased, who died intestate and left surviving him no widow or issue. From an order and judgment of the county court, finding that George S. Koser, the natural father of decedent, was not the heir and entitled to inherit, and determining that Katherine Enyart, the adoptive mother of decedent, was entitled to inherit, Koser, the natural father, appealed to the district court. A trial in that court resulted in findings and judgment, similar to those in the county court, from which Koser has appealed to this court.

From the record it appears that on the 29th of September, 1903, by proceedings in all respects regular and valid, Katherine Enyart, with the consent of her husband, adopted Logan E. Koser, then one year of age. George S. Koser and Hazel K. Koser, the parents of the minor child, consented to the adoption and relinquished all right to the custody of and control over the child to the adoptive mother. By the adoption proceedings the child was given the name of Logan Enyart. July 29, 1925, Logan Enyart departed this life intestate, unmarried and without issue. He left an estate consisting of lands in Custer county, Nebraska, and some personal property.

The principal question for determination is: Did the adoption proceedings and decree of adoption deprive the natural father of the right to inherit from his son?

The question presented is new in this jurisdiction. The courts of last resort of many of our sister states have passed upon the question, but the decisions are not harmonious. It is to be noted that the statutes concerning adoption proceedings vary greatly in the different states,

and we have found no statute of any other state that is precisely like our own. The decisions of other courts, therefore, can afford no safe guide to a decision in the instant case.

Our statute relating to adoption of minor children provides that an adult person, under certain conditions, may adopt a minor child. If the parents of such child are living, their consent in writing must be obtained, and, if the adopting person is married and living with his or her spouse, the consent of such spouse to the adoption must be also obtained. The statute contemplates that the person desiring to adopt shall file in the county court a petition, and therein set forth the terms and conditions on which the adoption is desired to be made. Before a decree, the parents or persons having legal control of such minor child are required to file a written consent, wherein they voluntarily relinquish all right to the custody of and power and control over said minor child and all claim and interest in and to his or her services and wages. Thereafter, a time is appointed by the county court for a hearing, and a notice must be given of the time and place thereof; and, if upon such hearing the court shall find that the adoption is for the best interests of said minor child, a decree shall be entered in accordance with the terms and conditions of said petition and consent. It is further provided by section 1572, Comp. St. 1922: "Unless the terms and conditions in such consent and petition otherwise provide, the person or persons adopting, and the child adopted shall after adoption, sustain toward each other the usual relation (and the adopted child shall have bestowed upon him or her equal rights, privileges and immunities of children born in lawful wedlock) of parent and child, and shall have all the right and be subject to all the duties of that relation, and the parents of such adopted child shall, thereafter, stand relieved of all parental duties toward, and all responsibility for, said minor child and shall have no right over it." The brackets do not appear in the statute. The reason for the interpolation will appear later.

At common law, adoption of heirs or children was unknown. For some time after the enactment of adoption statutes the courts were inclined to their strict construction because they were said to be in derogation of the common law. Later, the humanitarian aspects and purposes of such statutes were recognized, and the courts generally evinced a disposition to give them a liberal rather than a strict construction. This court has adopted the rule of liberal construction. *Ferguson v. Herr,* 64 Neb. 659. It is evident that our statute contemplates two kinds of adoption; one is restricted by the terms and conditions contained in the petition for and consent to the adoption; and the other is an unrestricted adoption. If no terms and conditions are contained in the petition and consent, the adoption is without restriction and is subject to and governed by the terms of said section 1572.

The petition for adoption, involved in this action, contained no restrictions or conditions relative to the rights and privileges of the adopting parent or adopted child. The first 12 words of section 1572, Comp. St. 1922, therefore, have no application to the facts herein involved. The decree in the adoption proceedings found that, in the manner required by law, the natural parents of Logan E. Koser had voluntarily relinquished all right to the custody of and control over said minor and to his services and wages, and that it was for the best interests of said minor child that he should be so adopted. Following the findings, the court decreed that "the right to the custody of and power and control over said Logan E. Koser and its services and wages by its father and mother, George S. Koser and Hazel K. Koser, shall and do cease and determine from this date, and that said Logan E. Koser shall be the adopted child of said Katherine Enyart upon the conditions of the sworn statements made herein, and shall take the surname of said Katherine Enyart, and be known as Logan Enyart, and be subject to her exclusive custody and control, and shall possess all the rights, privileges and

immunities of children born in lawful wedlock." Neither the petition, consent nor decree of adoption contains any restriction or conditions limiting the right of the adopted child to inherit from the adoptive parent, nor the right of the adoptive parent to inherit from the adopted child. The respective rights of the adopted child and the adoptive parent to inherit, one from the other, if they exist, must be found by virtue of the provisions of section 1572, Comp. St. 1922.

From a careful examination of section 1572, *supra,* it seems clear that what the legislature meant to say, concerning the mutual relations of the adoptive parents and the adopted child, may be better understood by omitting the words included in the brackets, as set out above. It would then read: "The person or persons adopting, and the child adopted shall after adoption, sustain toward each other the usual relation of parent and child, and shall have all the right and be subject to all the duties of that relation." This statute, therefore, defines and fixes the relationship existing between the adoptive parent and the adopted child. Pursuant to this statute, the decree of adoption created, in law, between the adoptive parent and adopted child, the relation of parent and child, and further provided that after adoption they shall have all the right and be subject to all the duties of that relation. Under our statute of descent, as it then existed and now exists, one of the rights of the child was to inherit from its parents, if they died intestate. It was likewise one of the rights of the parent to inherit from the child, if the latter died intestate, leaving surviving no widow or issue.

The right of inheritance is created by statute. It is within the power of the legislature to determine what persons or whether any person shall inherit from one who dies intestate, and to determine what proportion of the decedent's estate shall descend to any particular person or class of persons. The legislature creates and may take away the right to inherit. It is within the power of the legislature to confer the right of inheritance upon adopted

children or adoptive parents, as well as upon natural children and parents. If there are no restrictions, limitations or conditions in the adoption, our statute of adoption creates the legal relation of parent and child and gives to the adoptive parent and the adopted child all of the rights that pertain to that relation by virtue of the statute of descent.

Construing our statute of adoption and descent together, this court has heretofore held that the adopted child inherits from the adoptive parent. *Ferguson v. Herr, supra; Martin v. Long,* 53 Neb. 694. But the right conferred by statute is a reciprocal one, because it depends upon a relation that is created by the adoption under our statute. The relation of parent and child having been thus created the right of the adoptive parent to inherit is the same as was or would have been that of the natural parent. The natural parent consented to the establishment of this relation. By his formal act, he consented that another should step into his place and, in legal effect, become the parent of his child, and thereby consented that such other person should have all the right which he, himself, but for the adoption, would have had. By his own voluntary act, Koser transferred from himself to Katherine Enyart the right of a parent to inherit from the adopted child, Logan Enyart.

Much has been said and written upon the natural rights flowing from the ties of kinship, relative to the right of inheritance, but, as we view the question, it is to be determined not as a matter of sentiment but as a matter of law, which has been settled by the law-making power of the state.

Under our statutes of adoption and descent and under the facts as they are disclosed by the record, Katherine Enyart is the legal heir of and is entitled to inherit the estate left by Logan Enyart, deceased.

Other questions were presented on oral argument and in the briefs, but the conclusion which we have reached

upon the one discussed renders it unnecessary to consider others.

The judgment of the district court is

AFFIRMED.

Note—On right to inherit, see 43 L. R. A. n. s. 1056; 1 R. C. L. 613; 1 R. C. L. Supp. 215.