IN RE ESTATE OF FRED WULF, DECEASED.
EGGERT WULF ET AL., APPELLANTS, v. ANNA MARIE IBSEN,
APPELLEE.

167 N. W. 2d 181

Filed April 18, 1969. No. 37147.

Haney & Spire, for appellants.

Webb, Kelley, Green & Byam, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an appeal from an order determining heirship in an intestate estate. The question presented is whether or not an adopted child remains an heir of a natural parent who died subsequent to the adoption proceeding. The trial court adjudged that an adopted child may inherit from her natural parents notwithstanding the adoption. We affirm the judgment of the trial court.

Fred Wulf died intestate April 30, 1967, a resident of Washington County, Nebraska. He was the father of

four children. Two of his children, Freddie Wulf and Anna Marie Wulf, were the issue of his first marriage. The remaining children, Eggert Wulf and Earl Wulf, were the issue of his second marriage. As an infant, Anna Marie Wulf, during the last illness of her mother, was placed in the care of Mr. and Mrs. Carl Reeh, Mrs. Reeh being a sister of Fred Wulf. She was ultimately adopted by Mr. and Mrs. Reeh and subsequently married, her present name being Anna Marie Ibsen. Throughout his lifetime, her father, Fred Wulf, maintained close contact with his daughter. Her adoptive father, Carl Reeh, died testate and she shared in his estate. Subsequently the adoptive mother, Mrs. Carl Reeh, died intestate and Anna Marie Ibsen inherited the remaining estate of her parents by adoption.

Adoption was unknown to the common law, is a creature of statute, and rights accruing or sacrificed by reason of adoption are to be determined by reference to the statutes of the state having jurisdiction. There are certain general rules on the subject which are almost uniformly recognized. "Consanguinity is fundamental in statutes of descent and distribution, and the right of a child to inherit from his natural parents or to share in the intestate personalty of their estates is affected by the legal adoption of the child by another only to the extent that such rights are taken away or limited by the terms of the applicable statutes of adoption and descent and distribution, or by necessary implication therefrom. To state the rule another way, an adopted child is, in a legal sense, the child both of its natural and of its adopting parents, and is not, because of the adoption, deprived of its right of inheritance from its natural parents, unless the statute expressly so provides." 2 Am. Jur. 2d, Adoption, § 103, p. 944. See, also, Annotation, 37 A. L. R. 2d 333.

The statutes of the various states pertaining to adoption and the position in which the parties are left subsequent to adoption vary greatly. In some, the right of

the adopted child to inherit from its natural parents is specifically preserved. In others, this right is specifically barred. In many others, the statutes do not pass upon the subject by specific language and such statutes remain subject to interpretation. This appears to be true with reference to the Uniform Adoption Code which has been adopted by the State of Oklahoma. In Stark v. Watson (Okl.), 359 P. 2d 191, it was held that the Uniform Adoption Code did not reveal a legislative intent to destroy the rights of an adopted child to inherit from its natural parents. Ordinarily, "A statute which includes as a principal or dominant feature the establishing of the child as an heir of the adopting parent, without making reference to the inheritance from natural parents, is not likely to be construed as depriving the child of that inheritance." Annotation, 37 A. L. R. 2d 340.

The statutes of Nebraska do not specifically refer to this question of inheritance by an adopted child from its natural parents. Nevertheless, it would appear that the legislative intent is reasonably clear. The Nebraska statutes provide: "After a decree of adoption is entered, the usual relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting such child and his, her or their kindred." § 43-110, R. R. S. 1943. "Except as provided in section 43-106.01, after a decree of adoption has been entered, the natural parents of the adopted child shall be relieved of all parental duties toward and all responsibilities for such child and have no rights over such adopted child or to his or her property by descent and distribution." § 43-111, R. R. S. 1943. "When a child shall have been relinquished by written instrument, as provided by sections 43-104 and 43-106, to the Department of Public Welfare or to a licensed child placement agency and the agency has, in writing, accepted full responsibility for the child, the person so relinquishing shall be

relieved of all parental duties toward and all responsibilities for such child and have no rights over such child. *Nothing contained in this section shall impair the right of such child to inherit."* (Emphasis supplied.) § 43-106.01, R. R. S. 1943.

It will be noted that although all rights of the natural parent over his or her adopted child, including the right to inherit from such child, are clearly barred by the statute, the statute does not likewise bar the right of the adopted child to inherit from its natural parents. Since the Legislature here dealt in part with the inheritable rights of the parties concerned and specifically outlined them in part, the failure to restrict the right of the child to inherit from its natural parents cannot be deemed an oversight but rather an act evidencing the legislative intent to preserve this right in the child. This legislative intent is even more clearly evidenced by the language contained in section 43-106.01, R. R. S. 1943, which provides in substance that a child who has been relinquished for adoption to the Department of Public Welfare or to a licensed child placement agency shall not thereby have its right to inherit impaired. To assume that this preservation of the right of the adopted child to inherit from its natural parents was to be limited only to those cases involving relinquishments of the type referred to in the statute would be to strain the credulity of any reasonable person.

It may be of interest to consider the construction placed upon the Utah statute on adoption which is to all intents and purposes identical with section 43-111, R. R. S. 1943. The court stated in In re Benner's Estate, 109 Utah 172, 166 P. 2d 257: "The statute does not in express terms say that an adopted child may not inherit from its natural parents, nor do we think that it is a necessary implication from the fact that the legislature has said that natural parents lose all rights over its child when it is adopted, nor from the fact that the child becomes the legal child of its adopting parent and sustains

all the rights and is subject to all of the duties of that relationship. The more reasonable import of these statutes is that they were enacted for the benefit of the adopted child and to define the relationship between it and its adopting and natural parents insofar as the custody and control of the child is concerned. We cannot say it is a necessary implication from the language used by the legislature that it intended the adopted child to lose certain rights which it otherwise would have. By being born to its natural parents its status was established under our succession statutes and it became entitled to inherit from them." Other somewhat similar statutes have been likewise construed. See, In re Roderick's Estate, 158 Wash. 377, 291 P. 325; In re Ballantine's Estate (N. D.), 81 N. W. 2d 259.

This is a case of first impression in Nebraska. We are convinced that it was the legislative intent to permit an adoptive child to inherit from its natural parents and that the judgment of the district court is correct. The judgment of the district court is affirmed.

AFFIRMED.