IN RE ESTATE OF VIVIAN M. NEIL, DECEASED.
STANLEY R. NEIL, SURVIVING HUSBAND, APPELLANT, V.
AUDREY MASTERSON ET AL., APPELLEES.
191 N. W. 2d 448

Filed October 29, 1971. No. 37903.

Henry F. Reimer, Leo M. Williams, Deutsch & Hagen, and Thomas H. DeLay, for appellant.

Burbridge & Burbridge, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This case involves a question as to the inheritance of that portion of the estate of Vivian M. Neil, deceased, remaining after setting over to the surviving husband the property assignable under sections 30-103 and 30-101(4), R. R. S. 1943. The surviving spouse claims it should be assigned to him rather than to 21 nieces and nephews of the deceased's adoptive mother. The trial court assigned the property to the nieces and nephews. We affirm.

Deceased died intestate in Knox County, Nebraska, May 4, 1967, survived by her husband, the appellant herein, leaving an estate consisting of personal property of a value in excess of $50,000. The decedent, who was predeceased by her adoptive parents, left no issue, nor children of deceased issue, and no adoptive brother or sisters. The only surviving adoptive heirs are the 21 adoptive cousins.

Deceased had been adopted under a decree entered on the 13th day of August 1918. The adoption decree, which was without restriction, changed the name of decedent to Vivian Margery Smith, and provided that she would be entitled to all the rights and privileges, and subject to all the obligations of a child begotten by her adoptive parents in lawful wedlock.

Do adoptive cousins of a deceased inherit the same as cousins of the blood, under section 30-101, R. R. S. 1943? Adoption was unknown to the common law. It is strictly a creature of statute. So, also, is the right to take property by descent or inheritance. Such matters, therefore, are exclusively within legislative control.

The statutes covering adoption and descent and distribution of all of the states of the Union differ to a greater or lesser extent in their provisions. Reference to adjudicated cases from other states with standards

differing from our own are of little value in construing or interpreting the legislative intent and meaning in the enactment of our own statutes. Generally, however, the right of inheritance of the kin and heirs-at-law of predeceased adoptive parents depends upon the rights vested in the adoptive parents. See Annotation, 170 A. L. R. 742.

Our present statute, section 43-110, R. R. S. 1943, covering the legal consequences of an adoptive child, enacted in 1943, replaced the law enacted in 1897. It reads: "After a decree of adoption is entered, the usual relation of parent and child and *all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting such child and his, her or their kindred.*" (Italics supplied.) The statute previous to the 1943 enactment had remained unchanged from its adoption in 1897. The pertinent provision for comparison purposes was the following: "Unless the terms and conditions in such consent and petition otherwise provide, the person or persons adopting, and the child adopted shall after adoption, sustain toward each other the usual relation and the adopted child shall have bestowed upon him or her equal rights, privileges and immunities of children born in lawful wedlock, of parent and child, and shall have all the right and be subject to all the duties of that relation, and the parents of such adopted child shall, thereafter stand relieved of all parental duties toward, and all responsibility for, said minor child and shall have no right over it." § 43-109, Comp. St. 1929.

Since 1897, Nebraska has been in the vanguard of those states applying a liberal rather than a strict construction to adoption statutes. In re Estate of Enyart, 116 Neb. 450, 218 N. W. 89, states: "At common law, adoption of heirs or children was unknown. For some time after the enactment of adoption statutes the courts were inclined to their strict construction because they

were said to be in derogation of the common law. Later, the humanitarian aspects and purposes of such statutes were recognized, and the courts generally evinced a disposition to give them a liberal rather than a strict construction. This court has adopted the rule of liberal construction. Ferguson v. Herr, 64 Neb. 659."

The provisions from the statute of descent pertinent to the question presented are the following. Section 30-103, R. R. S. 1943: "(6) the residue, if any, of the personal estate shall be distributed in the same proportions to the same persons as prescribed for the descent of real estate." Section 30-101, R. R. S. 1943, provides that real estate shall descend: "(4) one half to the husband or wife, if there be no children nor the issue of any deceased child or children, surviving; (5) if the deceased leaves relatives of his or her blood, the residue of the real estate of which he or she shall die seized, in the cases above named, when not lawfully devised, shall descend subject to the rights of homestead, in the same manner and to the same persons as hereinafter provided for the descent of real estate of deceased persons leaving no husband or wife surviving; and in the event the deceased leaves no relatives of his or her blood, the residue of the real estate herein provided for shall also descend to the surviving husband or wife."

The following from In re Estate of Enyart, 116 Neb. 450, 218 N. W. 89, is controlling herein: "Much has been said and written upon the natural rights flowing from the ties of kinship, relative to the right of inheritance, but, as we view the question, it is to be determined not as a matter of sentiment but as a matter of law, which has been settled by the law-making power of the state." This language should be read in conjunction with section 43-110, R. R. S. 1943, set out above, particularly the portion italicized.

Appellant's appeal is predicated on his interpretation of the words "blood relative," in the statute of descent. He ignores the language of section 43-110, R. R. S. 1943,

"his, her or their kindred," which must be construed together with the statutes of descent and distribution. Black's Law Dictionary (4th Ed.), p. 1009, defines "kindred" as: "Relation by birth or consanguinity. Relatives by blood." The word "kindred" has a well-established meaning and properly signifies such persons as are related by blood. The language italicized above makes it very evident, particularly in the light of the liberal rather than the strict construction applied in Nebraska to adoption statutes, that it was the legislative intent to provide for reciprocal inheritance rights between the adopted child and the blood relatives of the adoptive parents. This is clearly evident from In re Estate of Taylor, 136 Neb. 227, 285 N. W. 538, in which we said: "The thought back of the Nebraska decisions has been to give exactly the same rights and privileges to an adopted child which a natural child has. One of the rights of a natural child is to inherit from a grandparent through his parent. If the adopted child does not have the right then it has been denied a right or privilege which the natural child has. * * *

"If a grandparent or an uncle, for instance, does not want the child thus adopted to share in his property, it is the easiest thing in the world to cut the child out by a paragraph in his last will. But if such a relative has not availed himself of the opportunity to cut out such person from his estate, it will be understood that the adopted child has the right of representation in exactly the same manner and to exactly the same extent as if such child had been begotten in lawful wedlock. Denton v. Miller, 110 Kan. 292, 203 Pac. 693; In re Cadwell's Estate, 26 Wyo. 412, 186 Pac. 499.

"We hold that the Nebraska statutes, as construed by our decisions, intend that an adopted child shall have the same rights to inherit property that a natural child has; that all the rights and privileges of an adopted child shall be identical with those of a natural child. If our legislature had intended to place any limits upon

such rights and privileges, it could easily have inserted them in the law of descent of property * * *."

We now hold that the language, "all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting such child and his, her or their kindred," can only mean that it is the intention of our statute that the next of kin of adoptive parents shall have the same right to inherit property from an adoptive child as they would from a natural child of said adoptive parents.

The judgment of the district court is affirmed.

AFFIRMED.