IN RE ESTATE OF CHARLES H. LUCKEY, DECEASED.
LA VERNE BAILEY, APPELLANT, v. JEROME LUCKEY,
PERSONAL REPRESENTATIVE OF THE ESTATE OF
CHARLES H. LUCKEY, DECEASED, APPELLEE.

291 N. W. 2d 235

Filed April 15, 1980. No. 42699.

Patrick Brock, for appellant.

Luckey, Sipple & Hansen, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

This appeal is a case of first impression and involves the issue of whether a twice-adopted person may inherit under the laws of intestacy from his first adoptive parent. The trial court decreed that the second adoption terminated the relationship between the child and his first adoptive father and, therefore, under the provisions of Neb. Rev. Stat. § 30-2309 (Reissue 1975), eliminated the child's right to inherit under the Nebraska laws of intestacy from his first adoptive father. We agree with the decision of the trial court and affirm the judgment.

The decedent, Charles H. Luckey, and one Ruth Louis were married in 1921. On January 14, 1928, decedent and his then wife adopted the appellant, La Verne Bailey. On January 25, 1935, Charles H. Luckey and Ruth Louis were divorced and, in August of 1935, Ruth Louis married Richard Bailey. In July

of 1943, Ruth and Richard Bailey adopted appellant. At the time of the adoption, appellant was over the age of 14 and voluntarily entered his appearance in the adoption proceedings and consented to said adoption by Richard Bailey. The decree of adoption entered on July 31, 1943, by the county court of Platte County, Nebraska, recites that, at the time of the hearing on the adoption, the first adoptive father, Charles H. Luckey, appeared in person and voluntarily relinquished all right to the custody of and the control over appellant. The decree of adoption entered on July 31, 1943, declared that the appellant was now the child of Richard and Ruth Bailey. Decedent died intestate on January 4, 1978.

Following his death, a brother of the decedent, Emil Luckey, as a surviving brother claiming to be a legal heir, filed a petition to appoint a nephew of Charles H. Luckey as the personal representative of the estate. Appellant entered his appearance, objected to the petition, and claimed that he was the sole and only heir and had priority to be the personal representative of the estate of the deceased. Hearing was held in the county court, which found adversely to appellant. Subsequently, appeal was taken to the District Court for Platte County, Nebraska, which likewise found adversely to the appellant.

Appellant's claim must fail on two grounds. To begin with, it appears to us that a reading of the statute involved precludes appellant from being considered a child of his first adoptive father following the second adoption and he, therefore, is not entitled to inherit under the Nebraska laws of intestacy. Prior to January 1, 1977, this jurisdiction was committed to the view that a child, though adopted, could nevertheless inherit from its natural father. See *Wulf v. Ibsen*, 184 Neb. 314, 167 N.W.2d 181 (1969). On January 1, 1977, however, a new Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 to 2902 (Reissue

1975), took effect. Section 30-2309 provides, in part, as follows: "If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person . . . an adopted person is the child of an adopting parent and not of the natural parents . . . ." The Nebraska Comment following § 30-2309 provides, in part, as follows: "This section legislatively overrules *Wulf v. Ibsen*, 184 Neb. 314, 167 N.W.2d 181 (1969), noted in 49 Neb. L. Rev. 538-41 (1970), allowing an adoptive child to inherit from his natural parents as well as his adoptive parents." Appellant argues that the Legislature cannot overrule a decision of this court. While it is true that the Legislature cannot overrule a decision of this court by simple mandate, nevertheless it is clear that the Legislature may adopt a statute which has the effect of overruling a previous decision. The Nebraska Comment makes it clear that such was the legislative intent in enacting § 30-2309. We believe that a simple reading of the statute, together with the laws concerning adoption, in particular, Neb. Rev. Stat. § 43-110 (Reissue 1978), makes it clear that the Legislature did indeed overrule the effect of our earlier decision in the *Wulf* case and provided that an adoptive child could only inherit by intestacy from his last adoptive parent.

Specifically, § 43-110 provides that, after a decree of adoption is entered, the usual relation of parent and child and all of the rights, duties, and other legal consequences of the natural relation of parent and child shall thereafter exist between such adoptive child and the person or persons adopting such child and his, her, or their kindred. The purpose of § 43-110 is to terminate any relationship which existed between the natural parent and the child and to create a new relationship between the adoptive parent and the child. The adoptive parent then becomes, in law, the equivalent of the natural parent. If a sub-

sequent adoption occurs and, as in this case, the first adoptive parent, now occupying the position of a natural parent, consents to the adoption and relinquishes all rights, the relationship which existed between the first adoptive parent and the child is likewise terminated and ceases to exist and is replaced by a new relationship between the child and the second adoptive parent who, in law, then becomes the equivalent of a natural parent. See *In re Estate of Taylor*, 136 Neb. 227, 285 N.W. 538 (1939). It makes little or no sense to suggest that the law intended that if one were a natural parent and an adoption occurred, all relationship, including the right to inherit by intestacy, would terminate, but if one were an adoptive parent who later consented to a subsequent adoption, the relationship would not terminate and the right to inherit would continue. Once the second adoption occurs, there is no longer any legal relationship between the relinquishing parent and the child. Any other reading of § 30-2309 would be absurd.

A second reason exists why the appellant may not recover. There is no common law right of inheritance. The right of inheritance is purely a creature of statute and must be determined not as a matter of sentiment but as a matter of law. See, *In re Estate of Grinnell*, 117 Neb. 332, 220 N.W. 583 (1928); *Neil v. Masterson*, 187 Neb. 364, 191 N.W.2d 448 (1971).

As we clearly said in *In re Estate of Enyart*, 116 Neb. 450, 454, 218 N.W. 89, 91 (1928):

The right of inheritance is created by statute. It is within the power of the legislature to determine what persons or whether any person shall inherit from one who dies intestate, and to determine what proportion of the decedent's estate shall descend to any particular person or class of persons. The legislature creates and may take away the right to inherit. It is within the power of the

legislature to confer the right of inheritance upon adopted children or adoptive parents, as well as upon natural children and parents.

Section 30-2309 makes no reference to a "former adoptive parent." The statute being silent as to the right to inherit from a first adoptive parent by a child twice adopted must be interpreted to mean that no right exists. It does not follow that where all rights of inheritance are statutory, the absence of a reference to a "former adoptive parent," compels us to include the former adoptive parent within the meaning of provisions referring to the current adoptive parent. Had the Legislature intended to exclude the natural parent but include subsequent parents, including a former adoptive parent, it could have easily done so. All the evidence as to their intent is to the contrary as is the language of § 30-2309. We therefore hold that, under the provisions of § 30-2309, a twice-adopted child may not inherit under the laws of intestacy from its first adoptive parent who has thereafter consented to the second adoption and relinquished all rights of a parent as to the child.

AFFIRMED.

CLINTON, J., not voting.