ANITA L. RUST AND PAUL M. RUST, APPELLEES, V. JERRY BUCKLER AND MARTI BUCKLER, APPELLANTS.

530 N.W.2d 630

Filed April 21, 1995.   No. S-94-891.

Thomas F. Dowd, of Dowd & Dowd, for appellants.

Jerome J. Ortman for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CAPORALE, J.

The defendants–appellants, Jerry Buckler and Marti Buckler, husband and wife and the maternal grandparents and adoptive parents of Jason Dwayne Buckler, a minor boy named "Jesse

James Rust" at birth, challenge the order of the district court granting the plaintiffs–appellees, Anita L. Rust and Paul M. Rust, wife and husband and the paternal grandparents of said boy, the right to visit with him. The Bucklers appealed to the Nebraska Court of Appeals, asserting that the district court erred in ruling that the Rusts are entitled to such visitation rights under the provisions of the grandparent visitation act, Neb. Rev. Stat. §§ 43–1801 through 43–1803 (Reissue 1993). Under our authority to regulate the caseloads of the two appellate courts, we, on our own motion, removed the case to this court. We now reverse the judgment of the district court and remand the cause with the direction that it be dismissed.

The boy was born March 7, 1993, after which his biological parents separated, the mother moving in with the Bucklers, taking the boy with her, and the father moving in with the Rusts. Both of the biological parents died on or about September 19, 1993.

The Bucklers, who had been raising the boy since he was approximately 6 weeks old, took custody of him. The Rusts thereupon filed this suit in order to establish visitation with the boy. Pursuant to the parties' agreement, the district court entered a "Temporary Order" granting the Rusts specified visitation rights. The Bucklers thereafter adopted the boy and changed his name as mentioned earlier. They then petitioned the district court to set aside the temporary visitation order. The district court overruled the motion and made the Rusts' visitation permanent.

The question is one of statutory interpretation, a matter of law in connection with which we have an obligation to reach an independent conclusion irrespective of the determination made by the trial court. See *State ex rel. Perkins Cty. v. County Superintendent, ante* p. 573, 528 N.W.2d 340 (1995).

Thus, we turn first to § 43–1801, which reads:

As used in sections 43–1801 to 43–1803, unless the context otherwise requires, grandparent shall mean the biological or adoptive parent of a minor child's biological or adoptive parent. Such term shall not include a biological or adoptive parent of any minor child's biological or adoptive parent whose parental rights have

been terminated.

Section 43–1802 provides in relevant part:

(1) A grandparent may seek visitation with his or her minor grandchild if:

(a) The child's parent or parents are deceased;

(b) The marriage of the child's parents has been dissolved or petition for the dissolution of such marriage has been filed, is still pending, but no decree has been entered; or

(c) The parents of the minor child have never been married but paternity has been legally established.

With that statutory language in mind, we turn our attention to Neb. Rev. Stat. § 43–110 (Reissue 1993) of the adoption statutes, which declares:

After a decree of adoption is entered, the usual relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting such child and his, her or their kindred.

Neb. Rev. Stat. § 43–111 (Reissue 1993) reads in relevant part: "[A]fter a decree of adoption has been entered, the natural parents of the adopted child shall be relieved of all parental duties toward and all responsibilities for such child and have no rights over such adopted child or to his or her property by descent and distribution."

While it is true that statutes relating to the same subject matter are in pari materia and may be considered conjunctively so as to determine the intent of the Legislature and to maintain a consistent and sensible scheme, see *State ex rel. Scherer v. Madison Cty. Comrs., ante* p. 384, 527 N.W.2d 615 (1995), and *AMISUB v. Board of Cty. Comrs. of Douglas Cty.*, 244 Neb. 657, 508 N.W.2d 827 (1993), the visitation act and the adoption statutes do not relate to the same subject. The former defines grandparents and their rights; the latter define parents and their rights. Grandparents simply are not parents.

Thus, the applicable rule is that in construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the

statute considered in its plain, ordinary, and popular sense. *State ex rel. Perkins Cty. v. County Superintendent, supra*. In so doing, it is not within the province of a court to read a meaning into a statute that is not warranted by legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Dillard Dept. Stores v. Polinsky, ante* p. 821, 530 N.W.2d 637 (1995); *State ex rel. Perkins Cty. v. County Superintendent, supra*.

Because its resolution is not necessary to the adjudication of this case, we ignore the question as to whether an adoption serves to "terminate" the rights of even a deceased biological parent such as to remove the parent of such a deceased parent from the ambit of the visitation act. The determination is unnecessary because read in its plain, ordinary, and popular sense, the language of § 43–110 makes clear that as a result of the adoption, the Bucklers are now, in the eyes of the law, the boy's parents. See, *Redick v. Redick*, 220 Neb. 86, 368 N.W.2d 463 (1985); *In re Trust Estate of Darling*, 219 Neb. 705, 365 N.W.2d 821 (1985); *In re Estate of Luckey*, 206 Neb. 53, 291 N.W.2d 235 (1980).

The boy's parents not being deceased and there being no claim that they were never married or that their marriage has been dissolved or is in the process of dissolution, there no longer exists any condition under which the visitation act undertakes to grant grandparents the right to seek visitation with their grandchildren.

Accordingly, the judgment of the district court, as disclosed earlier in this opinion, is reversed and the cause remanded for dismissal.

REVERSED AND REMANDED.