**Mike RIST, Appellant (Defendant),**

v.

**James P. TAYLOR, f/k/a James Pfleeger Rouane, Appellee (Plaintiff).**

**No. 97–200.**

Supreme Court of Wyoming.

March 23, 1998.

Greg L. Goddard of Goddard, Perry & Vogel, Buffalo; and John P. LaBuda of Palmer & LaBuda, P.C., Rock Springs, for Appellant.

Cole Bormuth of Bormuth & Freeman, Cody, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Mike Rist appeals from the order which directed him to return estate property to Appellee James Taylor after the district court found that Taylor was the adopted son of James Patrick Rouane and was entitled to possess Rouane's estate by intestate succession.

We reverse and remand.

## ISSUE

Rist presents a single issue for our review:

May an adopted child who is subsequently adopted by another adult when all parental rights of the first adoptive parent have been judicially terminated inherit by intestate succession from the first adoptive parent?

## UNDISPUTED MATERIAL FACTS AND COURSE OF PROCEEDINGS

During their marriage, Rouane and Taylor's mother adopted Taylor. Taylor's mother subsequently divorced Rouane and married Sammy Ray Taylor (Sammy), who adopted Taylor on August 25, 1989, after Rouane relinquished his parental right to Taylor and consented to the adoption. Rouane died intestate on October 20, 1994. After Rouane's death, Rist, who was Rouane's nephew, took possession of a pickup and various other personal property which belonged to the decedent.

On April 3, 1996, Taylor filed a complaint, alleging that he was the adopted son and the sole and only heir of Rouane and that he was, therefore, entitled to have his father's property, which was in Rist's possession. Rist filed his answer, denying that he wrongfully possessed the property and praying for dismissal of the complaint, for attorney's fees, and for costs. Rist also concurrently filed a counterclaim, asserting that, if Taylor is the sole heir of Rouane and entitled to the distribution of his estate, Rist should be reimbursed for Rouane's funeral expenses and for the expenses he incurred in towing and storing the pickup.

On July 17, 1996, Taylor filed his motion for a summary judgment, alleging that no

genuine issue existed as to any material fact and that he was entitled to have a summary judgment as a matter of law. He argued that, pursuant to the laws of intestate succession, he was entitled to inherit Rouane's estate because he was Rouane's sole surviving child by virtue of his adoption by Rouane.

On March 3, 1997, Rist filed his motion for a summary judgment, also alleging that no genuine issue as to any material fact existed and that he was entitled to have a summary judgment as a matter of law because Taylor was not the adopted child of Rouane at the time of Rouane's death. Rist contended that Taylor's subsequent adoption by Sammy terminated all Taylor's legal and parental ties with Rouane.

On March 17, 1997, the district court heard Taylor's motion for a summary judgment and found that no genuine issue of material fact precluded the granting of his motion; that Taylor was the adopted son of Rouane; that, pursuant to WYO. STAT. § 2–4–107(a)(i) (1997), he was entitled to have the same rights as a natural child of Rouane would have; that, pursuant to the laws of intestate succession, Taylor was the proper distributee of Rouane's estate; that Rist had wrongfully claimed the assets which belonged to Rouane and was not entitled to have possession thereof; and that Rist was not entitled to be reimbursed for costs associated with hauling and storing Rouane's pickup.

On June 4, 1997, the district court ordered Rist to deliver the pickup to Taylor and directed each party to bear his own costs and attorney's fees. The district court did not make a finding or order which pertained to whether or not Rist was entitled to be reimbursed for the money he advanced toward Rouane's funeral expenses.

## STANDARD OF REVIEW

■ There being no material fact in dispute, the question presented in this case is one of law. We do not accord special deference to the district court's decisions on matters of law. *Nylen v. Dayton,* 770 P.2d 1112, 1114 (Wyo.1989).

## DISCUSSION

■ The issue presented in this case is an issue of first impression for this Court. The few jurisdictions having statutes functionally equivalent to ours which permit an adopted child to inherit from both the natural parents and the first adopting parent have arrived at differing results with regard to whether or not a second adoption cuts off the adopted child's right to inherit from the first adoptive parent. Taylor urges us to follow the jurisdictions which have allowed an adopted child to inherit from the first adoptive parent even though he was later adopted by a second adoptive parent. *See, e.g., Brewster v. Hall (In re Egley's Estate),* 16 Wash.2d 681, 134 P.2d 943 (1943) (en banc). These jurisdictions reason that an adopted child's rights were fixed when the adoption occurred and that a child's right to inherit from an adoptive parent cannot be taken away by a subsequent adoption. *Id.*

Rist, of course, implores us to follow the reasoning of the jurisdictions which hold that a child who has been adopted by a second adoptive parent cannot inherit by intestate succession from the first adoptive parent. *See, e.g., Quintrall v. Goldsmith,* 134 Colo. 410, 306 P.2d 246 (1957) (en banc); *Bailey v. Luckey,* 206 Neb. 53, 291 N.W.2d 235 (1980); *Harris v. Burgess (In re Talley's Estate),* 188 Okla.338, 109 P.2d 495 (1941). These jurisdictions conclude that, when a child has been adopted a second time, a parent-child relationship no longer exists between him and his first adoptive parent and that, having lost this relationship, the child does not have a predicate upon which to base the conclusion that he should thereafter inherit from his first adoptive parent the same as if he had been the adoptive parent's natural child. *Bailey,* 291 N.W.2d at 238; *Harris,* 109 P.2d at 498.

Section 2–4–107(a)(i) provides:

    (a) If for purposes of intestate succession, a relationship of parent and child shall be established to determine succession by, through or from a person:

        (i) An adopted person is the child of an adopting parent and of the natural parents for inheritance purposes only. The adoption of a child by the spouse of

a natural parent has no effect on the relationship between the child and that natural parent[.]

The clear language of this statute allows an adopted child to inherit from his adoptive parent. This statute, standing by itself, does not, however, answer the dispositive question of whether or not the relationship between the child and the adoptive parent must exist at the time of the adoptive parent's death. Our rules of descent provide that only those persons who are the heirs at law at the time of death of an individual who dies intestate are entitled to succeed to his estate. WYO. STAT. § 2–4–101 (1997). Taylor was not the adopted child of Rouane at the time of Rouane's death. Rouane relinquished his parental right to Taylor and consented to Taylor being adopted by Sammy. We join the ranks of our sister states and hold that the second adoption terminated the parent-child relationship between Rouane and Taylor for inheritance purposes and that Rist was, therefore, an heir at law of Rouane.

Reversed and remanded for further proceedings consistent with this opinion.