**S & G INVESTORS, LLC; and Tom Moreno, Appellants (Defendants),**

v.

**Faye L. BLACKLEY, f/k/a Faye L. Burzynski, Appellee (Plaintiff).**

No. 99–61.

Supreme Court of Wyoming.

Jan. 11, 2000.

Representing Appellant: Steven F. Freudenthal of Herschler, Freudenthal, Salzburg, Bonds & Zerga, P.C., Cheyenne, WY. Argument presented by Mr. Freudenthal.

Representing Appellee: Charles S. Chapin of Crowell & Chapin, P.C., Casper, WY. Ar-

gument presented by Mr. Chapin, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

S & G Investors appeals from a summary judgment order granting title in Appellee Faye L. Blackley on the basis of adverse possession.

We affirm.

## ISSUES

S & G Investors present two issues for review:

A. In light of genuine issues of material fact, whether the District Court erroneously granted summary judgment quieting title to real property in the Appellee.

B. Whether the District Court erroneously failed to consider or rule on Appellants' Motion for Continuance Pursuant to W.R.C.P. 56(f).

Appellee Blackley rephrases the issues as follows:

A. Did the trial court, in reviewing Appellee's Motion for Summary Judgment, the Affidavits, and documents presented in support of and in opposition thereto, correctly determine that there were no issues of material fact and that the Appellee was entitled to judgment quieting title to the at issue real property in Appellee, as a matter of law, pursuant to W.R.C.P. 56(c)[?]

B. Did the trial court correctly refused [sic] to consider or rule on appellant's motion for continuance pursuant to W.R.C.P. 56(f), as Appellants failed to establish the requisite elements entitling them to the relief sought?

## FACTS

Appellee Faye L. Blackley is the former wife of Larry Burzynski (a/k/a Larry Burns). The property in dispute is Lot 17, Block 74, of Paradise Valley Country Club Estates near Casper in Natrona County, Wyoming. This property was formerly owned by Burzynski's company, which, in 1980, quitclaimed

the property, along with other lots, to his stepdaughter, Appellee's child, R.F. Crotteau. In a subsequent lawsuit in 1986, the quitclaim deed was determined to be a fraudulent conveyance.

In 1987, Appellee divorced Burzynski "alleging that the parties owned no property jointly" and requested that she be granted "all rights to remain living at her current residence," which is the property in dispute. On May 29, 1987, R.F. Crotteau conveyed the property to Blackley by quitclaim deed. Four days later, on June 2, 1987, the divorce was final and the decree was signed and filed granting Appellee all rights to remain living at "her residence." The 1987 quitclaim deed, however, was not filed until January 1991 when Appellee also conveyed the property to herself in her current married name.

In 1993, Appellee's new husband successfully intervened in the 1986 order ruling the conveyances of property in 1983 to be fraudulent. Mr. Blackley established that the judgment on which the order was based had been satisfied by the sale of certain lots. The remaining lots, of which the property in dispute was one, were declared to be the subject of good conveyances to Crotteau in an amended judgment.

In November 1997, Burzynski offered the property in question to Appellants S & G Investors as security in exchange for a ten percent interest in a mining venture in Mexico. When Burzynski failed to pay for his share of the venture in a timely manner, Burzynski's Company, Burzynski, and Crotteau conveyed the property to Appellants.

In 1997, after S & G Investors asserted ownership in the property, Appellee filed a complaint to quiet title claiming superior title by virtue of the 1987 quitclaim deed, or in the alternative, adverse possession based on a combination of the 1987 quitclaim deed from the divorce decree and her subsequent use of the property for ten years before Burzynski conveyed it to Appellants in November 1997. The district court granted Appellant's motion for summary judgment. This timely appeal followed.

## STANDARD OF REVIEW

■ The general rule is that summary judgment is appropriate when no genuine issue of material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Covington v. W.R. Grace–Conn., Inc.,* 952 P.2d 1105, 1106 (Wyo. 1998). We review the record from the vantage point most beneficial to the nonmoving party, awarding that party all favorable inferences which may be drawn from the facts. *Austin v. Kaness,* 950 P.2d 561, 563 (Wyo. 1997). When a dispute does not exist with regard to the material facts, the question presented for our review is one of law. *Rist v. Taylor,* 955 P.2d 436, 437 (Wyo.1998). We do not accord special deference to the district court's decisions on matters of law. *Id.*

## DISCUSSION

■ At issue in this case is whether the quitclaim deed for the property conveyed by Crotteau to Appellee Blackley was sufficient to give Blackley title. Wyo. Stat. Ann. § 34–1–107 (LEXIS 1999) states, "[a] deed of quitclaim and release shall be sufficient to pass all the estate which the grantor could lawfully convey by deed of bargain and sale." Here, Appellant contends that because the conveyance from Burzynski to Crotteau was determined to be fraudulent in 1983, Crotteau had no legal title to convey to Appellee and, therefore, the title remained with Burzynski. This argument, however, ignores the court's nunc pro tunc judgment in 1993 that the conveyance of *the subject property* was not fraudulent. Thus, the conveyance from Crotteau to Appellee was valid. Moreover, there is no question that the Appellee's quitclaim deed was recorded in 1991, and the court's judgment validating title was rendered in 1993. Consequently, the undisputed facts establish that Appellee's title had been recorded and validated four years prior to the time Burzynski purportedly conveyed title to S & G Investors. Therefore, the district court did not err in granting summary judgment to quiet title in Appellee.

Because we find that Appellee had superior title to that claimed by Appellants S & G Investors, we need not reach the question of adverse possession. In addition, because the facts necessary to establish title in Appellee are sufficient and undisputed, we need not address S & G Investors' procedural claims.

## CONCLUSION

The district court did not err in granting summary judgment, as there was no issue of material fact presented. Additionally, the district court was correct in the use of its discretion to deny the Appellant's motion for continuance. Affirmed.