**Olin L. GILLILAND, Appellant (Plaintiff below),**

v.

**Robert A. STEINHOEFEL, Appellee (Defendant below).**

**No. 4303.**

Supreme Court of Wyoming.

May 15, 1974.

Rex O. Arney and Redle, Yonkee & Arney, Sheridan, for appellant.

Robert R. Rose, Jr., Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiff, Olin L. Gilliland, sued Robert A. Steinhoefel for $200,000 because of injuries and property damage plaintiff suffered while he was driving on a public highway at night and struck a cow belonging to defendant, whose negligence, according to the complaint, caused or contributed to the accident in that defendant allowed his cattle to go on a heavily traveled highway. From a summary judgment for defendant, plaintiff has appealed.

The following facts are undisputed. Steinhoefel and another rancher, not a party to the suit, on December 28, 1970, moved some one hundred cows and their calves from a pasture near Roset along Highway 14–16, intending to take them to defendant's home ranch in the direction of Gillette. The snow in the borrow pit was

deep and travel was slow. Between 4:30 and 5 p. m. they left the cattle in a pasture of a rancher, Pickrel, whose land adjoined defendant's, fed them some alfalfa pellets, repaired the gate through which they had placed the cattle in the pasture but made no careful inspection of the fences or other gates and left for their homes. Between 7 and 8 p. m., a highway patrolman, Clifton Ritchie, was summoned to the highway adjacent to the Pickrel pasture where the accident had occurred. He determined that Gilliland had struck a cow on the highway, in his lane of traffic at the place of impact, and had then swerved and struck two pickups parked on the left side of the highway.[1]

Plaintiff's appeal is principally grounded on the thesis that summary judgment was improper because there was a genuine issue as to material facts relating to the negligence of defendant, who left the cattle without checking the fences, particularly concerning a gate ("H") in the pasture where the cattle were placed by defendant, certain evidence indicating it to have been open at 4:10 p. m. and that following the accident the investigating patrolman saw cattle tracks coming out of the gate onto the highway. In his argument plaintiff refers to the case of Hinkle v. Siltamaki, Wyo., 361 P.2d 37, which involved an automobile-horse collision where the vehicle operator, claiming injury, could prove only that the defendant owned horses and that they were on the highway where the accident occurred. He suggests that the opinion discussed § 11-507, W.S.1957, 1973 Cum.Supp.,[2] as it relates to civil liability, and rejected any claim that absolute liability resulted from a *mere* showing that the defendant's animals were loose, but he urges that the mentioned statute can be violated by the owner's negligence, as well as by knowledge, consent, or willfulness.

The response is that there was no evidence of defendant's having any knowledge that his cattle were on the public way until after the accident, that his actions refute any implication that he willfully permitted or caused them to be there, and that simple negligence does not support the rule in Hinkle. Defendant poses the question, What is negligent conduct equivalent to "knowledge, consent, and wilfulness?" And he replies he thinks the answer lies in the definition of the degrees of negligence found in McClure v. Latta, Wyo., 348 P.2d 1057—defendant concluding, "It imports such a wreckless [sic] disregard of probable consequences, as is equivalent to a wilful and intentional wrong," a statement which in our view finds no support in the mentioned case. Defendant also urges that the general proposition stated by the plaintiff as to the majority rule being that a person who negligently fails to contain his animals is liable for the damage caused as a result of that negligence is not applicable in Wyoming because this court in Haskins v. Andrews, 12 Wyo. 458, 76 P. 588, held the common law rule to be inconsistent with the conditions and customs existing in Wyoming; he argues that in this jurisdiction an owner has no duty to contain his animals except as that duty is imposed upon him by statute. With the latter argument we can agree generally although the question of livestock running at large in roads or lanes was not within the purview of Haskins, supra, and this court in Hinkle v. Siltamaki, supra, did not primarily discuss the common law rule that the owner of cattle is required to confine them but dealt with § 11-507. In the instant case, we consider that plaintiff would have satisfied his initial burden by establishing that defendant was negligent in his choice of the field in which he placed the cows and could reasonably foresee that they would escape therefrom onto the highway. Steed

---

1. Gilliland remembers no occurrences either prior to or following the accident.

2. In pertinent part § 11-507 reads: "It shall be unlawful for any person * * * be-

ing the owner of livestock * * * to permit said livestock to run at large in any fenced public lanes or fenced roads in the State of Wyoming. * * *"

v. Roundy, 10 Cir., 342 F.2d 159, 161; Leek v. Lumpkin, 141 Ind.App. 153, 226 N.E.2d 913, 914; Santanello v. Cooper, 106 Ariz. 262, 475 P.2d 246, 250, 41 A.L.R.3d 881; 4 Am.Jur.2d Animals, § 116, p. 368.

■■■ Defendant also insists that the summary judgment was correct because the record does not show the alleged negligence of the defendant to have been the cause of the accident, there being no adequate proof in the record to support the assumption that (1) the gate ("H") was open when the cows escaped from the pasture, and (2) the cows escaped through the gate—or that a closer inspection than the one made would or could have revealed an open gate. To adopt this concept would require an interpretation and evaluation of the testimony adduced by the depositions. The burden is upon the party seeking the summary judgment to demonstrate clearly that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, regardless of which party has the burden of proof at the trial. Mealey v. City of Laramie, Wyo., 472 P.2d 787, 792. Bearing that principle in mind, and the circumstance that summary judgment is not commonly interposed and even less frequently granted in negligence actions[3] we are unable to agree that there were no genuine issues of material fact here.

Reversed.

---

3. Gross v. Southern Railway Company, 5 Cir., 414 F.2d 292, 296–297; 10 Wright & Miller, Federal Practice and Procedure: Civil § 2729 (1973); 6 Moore, Federal Practice, § 56.17 [42], p. 2583 (1974).