**Ronald D. AUSTIN, Appellant (Plaintiff),**

v.

**Judy KANESS and Russell Kaness, Appellees (Defendants).**

No. 96–275.

Supreme Court of Wyoming.

Dec. 22, 1997.

Nicholas H. Carter of Carter Law Office, Gillette, for Appellant (Plaintiff).

Kathleen J. Doyle and Cameron S. Walker of Schwartz, Bon, Walker & Studer, LLC, Casper, for Appellees (Defendants).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant was injured in a car accident involving T.S., a minor. T.S. had been drinking alcohol at a party held in appellees' home while they were out of town. Appellant filed this lawsuit asserting vicarious liability against appellees on theories of respondeat superior and agency. Appellant appeals from the granting of appellees' motion for summary judgment. We affirm.

## I. ISSUES

Appellant, Ronald D. Austin (Austin), raises two issues:

Did the district court err in finding that no issues of material fact existed as to the appellant's claim against defendants Russell Kaness and Judy Kaness on the basis of agency and respondeat superior?

Did the district court err in finding that no issues of material fact existed as to whether Rick Kaness was acting within his scope of employment?

Appellees, Russell and Judy Kaness, phrase the issues somewhat differently:

I. Whether agreeing to feed pets, water plants, and bring in mail for one's parent's [sic] over a weekend creates an agency or employment relationship.

II. Whether holding a party at one's parent's [sic] home without their consent or knowledge, and expressly forbidden by the parents, is within the scope of any agency or employment relationship that may have existed in feeding pets, watering plants, and bringing in their mail for a weekend.

## II. FACTS

On March 12, 1993, Mr. and Mrs. Kaness went with their younger son to visit a college campus in Bozeman, Montana. Typically, Mr. and Mrs. Kaness asked their older son, Rick, to feed their cats, water their plants, and bring in their mail and newspapers when they went out of town. Rick, an adult who lived in his own home, had a key to his parents' home.

Sometime prior to March 12, 1993, Mike Johnson asked Rick whether he could host a birthday party for another friend at Rick's house. Rick offered the use of his parents' home because it was larger and had a pool table. The party was held at Mr. and Mrs. Kaness' home, and alcohol was served. Rick arrived at the party late in the evening to find fifteen to twenty people in attendance. He immediately told everyone to leave because there were too many people in the house. While cleaning up after everyone was gone, Rick found a "party ball" and keg cups.

T.S. was in attendance at the party, and he consumed a quantity of beer from the "party ball." When he left the party, T.S. was driving his father's pickup truck, intending to go home when he collided with the vehicle driven by Austin. Austin alleges he incurred approximately $200,000.00 in medical damages and lost his employment as a result of this accident.

Austin's suit against Mr. and Mrs. Kaness claimed negligence, agency/respondeat superior, negligent entrustment, and sought punitive damages. Mr. and Mrs. Kaness filed a motion for summary judgment, along with supporting affidavits. In those affidavits, both Mr. and Mrs. Kaness stated a long-standing rule in the Kaness household that guests of their children were to be limited in number and alcohol was not to be served. They also averred that Rick did not have permission to host a party on the weekend of March 12, 1993. Austin conceded judgment on all counts except the agency/respondeat superior claim. The district court granted summary judgment in favor of Mr. and Mrs. Kaness on the remaining claim. This appeal followed.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hamilton v. Natrona County Educ. Ass'n*, 901 P.2d 381, 383 (Wyo.1995). On appeal of the granting of summary judgment, we review the record in the light most favorable to the non-moving party, affording to that party all favorable inferences which may be drawn from the facts presented in the record. *Id.* at 384. Where a dispute "exists over a material fact which leads to conflicting interpretations or if reasonable minds might differ, then summary judgment is improper." *Id.*

## IV. DISCUSSION

### A. RESPONDEAT SUPERIOR

Under the respondeat superior theory, an employer is liable for the negligence of an employee acting within the scope of his employment. *Hamilton*, 901 P.2d at 385; *Combined Ins. Co. of America v. Sinclair*, 584 P.2d 1034, 1042 (Wyo.1978). The conduct of an employee is within the scope of his employment "only if it is of the kind he is employed to perform; it occurs substantially within the authorized time and space limits; and it is actuated, at least in part, by a purpose to serve the master." *Hamilton*, 901 P.2d at 385 (*citing Miller v. Reiman–Wuerth Co.*, 598 P.2d 20, 22 (Wyo.1979)); *see also Restatement (Second) of Agency*, § 228 (1958). Usually, it is for the jury to determine whether an employee was acting within the scope of employment; however, it becomes a question of law when the facts lead to only one reasonable inference. *Hamilton*, 901 P.2d at 385.

The threshold question is whether Rick was his parents' employee on March 12, 1993. There is nothing in the record to suggest that Rick performed the housekeeping functions for his parents out of any obligation other than respect for his parents nor that he expected to receive any remuneration other than familial love. The record supports nothing more than a finding that Rick was doing a favor for his parents, as anyone might do for a family member or friend.

However, even if Rick was an employee of his parents on March 12, 1993, the only reasonable inference to be drawn is that he was not acting within the scope of his "employment" when he offered the house for the party. There is no dispute that Rick was asked to care for his parents' cats and plants and to bring in the mail and newspapers. Allowing his friend to host a party is not related to any of these duties, and Rick admitted he did not have authority to allow the party. Austin argues that Rick's possession of the key to his parents' home and his charge to bring in the newspapers to prevent the appearance of vacancy allows the inference that hosting a party was within the scope of his employment. This inference requires too great a leap in logic to be reasonable.

If he was an employee of his parents on March 12, 1993, Rick was acting outside the scope of his employment when he allowed his friend to host a party in his parents' home. Thus, the district court was correct in finding that Mr. and Mrs. Kaness were not liable to Austin on a respondeat superior theory, and summary judgment on this issue is appropriate.

## B. AGENCY

Austin also argues that Rick was acting as his parents' agent at the time the party was held. "Agency is a fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and consent." *Holliday v. Bannister*, 741 P.2d 89, 95 (Wyo.1987) (*citing True v. Hi–Plains Elevator Machinery, Inc.*, 577 P.2d 991 (Wyo.1978)). There is no presumption that an agency exists, and generally, the existence of an agency and the scope of the agent's authority are questions of fact. *Hamilton*, 901 P.2d at 386; *Holliday*, 741 P.2d at 95. If the evidence presented does not create a genuine issue of material fact, the issue becomes one of law. *Hamilton*, 901 P.2d at 386.

Before a principal is held vicariously liable for the act of his agent, "there must be evidence the principal had knowledge of the act which was being committed by its agent." *Hamilton*, 901 P.2d at 386 (*citing Cargill, Inc. v. Mountain Cement Co.*,

891 P.2d 57, 62 (Wyo.1995)). Here, it is undisputed that Mr. and Mrs. Kaness had no knowledge that their son intended to host a party in their home. In fact, Mr. and Mrs. Kaness had no knowledge of the party at all until after this lawsuit was filed.

In addition, the party held on March 12, 1993 violated Mr. and Mrs. Kaness' household rule against this type of party. To the extent an agency relationship may have existed between Rick and Mr. and Mrs. Kaness, the only reasonable inference from the facts in the record is that Rick acted outside the scope of his authority in permitting his friend to host a party in his parents' home with fifteen to twenty people in attendance and at which alcohol was served. The district court was correct in granting summary judgment in favor of Mr. and Mrs. Kaness on this issue.

## V. CONCLUSION

Having viewed the entire record in the light most favorable to Austin, it is impossible to draw reasonable inferences in his favor which result in material questions of fact. Summary judgment is affirmed.