**O'QUINN ENTERPRISES,**
Appellant (Plaintiff),

v.

**CENTRAL WYOMING REGIONAL WA-
TER SYSTEM JOINT POWERS
BOARD, formerly known as Natrona
County Regional Water System Joint
Powers Board, Appellee (Defendant).**

No. 98–220.

Supreme Court of Wyoming.

April 6, 1999.

Keith P. Tyler, Casper, Wyoming, for Appellant.

Donald E. Chapin of Crowell and Chapin, P.C., Casper, Wyoming, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant O'Quinn Enterprises appeals from the summary judgment which was entered in favor of Appellee Central Wyoming Regional Water System Joint Powers Board, formerly known as Natrona County Regional Water System Joint Powers Board, and from the order which denied its motion for a reconsideration of the ruling on the motion for a summary judgment.

We affirm.

### ISSUES

O'Quinn Enterprises presents the following issues for our review:

1. Whether the trial court incorrectly limited its consideration of interpretation of the contract to the four corners of the document.

2. Whether certain provisions of the contract are ambiguous.

### FACTS

O'Quinn Enterprises developed the O'Quinn Subdivision in Natrona County in the early 1980's. In describing the area wherein the subdivision is located, we must define the location of three main roads. Zero Road runs east and west and is inter-

sected by Robertson Road and by J.C. Road. Both Robertson Road and J.C. Road run north and south, and Robertson Road is west of J.C. Road. The subdivision is located in the area south of Zero Road—Zero Road being the north boundary—and slightly east of Robertson Road.

O'Quinn Enterprises arranged to obtain the water to supply the subdivision from Brooks Water and Sewer District. In order to serve the subdivision, O'Quinn Enterprises needed to install an eight-inch water line around the perimeter of the subdivision. Brooks Water, however, required that a twenty-inch water line be installed along Zero Road between the J.C. Road and Robertson Road intersections because the City of Casper required that all lines on Zero Road be twenty inches to facilitate long-range plans for water service.

At about the same time, Brinkerhoff–Signal, Incorporated requested permission to extend Brooks Water service from the intersection of Robertson Road and Zero Road to its location further west on Zero Road. That portion of line also had to be twenty inches.

O'Quinn Enterprises and Brinkerhoff–Signal did oversize the line that ran along Zero Road. Brooks Water recognized that the extra costs associated with constructing a twenty-inch line should not be borne by O'Quinn Enterprises and Brinkerhoff–Signal. To assist O'Quinn Enterprises and Brinkerhoff–Signal in recovering the costs of oversizing the line, Brooks Water entered into an agreement with them which provided a mechanism by which they could recapture their additional material costs for installing the twenty-inch line. The agreement provided that, under certain circumstances, any entity, other than the developers, that connected to the line would be required to pay the costs of the oversize.

The Natrona County Regional Water System Joint Powers Board (Regional Water System) was formed to regionalize water treatment and transmission lines throughout central Wyoming in order to comply with the Safe Drinking Water Act. Brooks Water entered into an agreement in October of 1995 to transfer all its transmission lines and water treatment facilities and equipment to the Regional Water System. Brooks Water made this conveyance subject to the recapture agreement that it had with O'Quinn Enterprises and Brinkerhoff–Signal.

In 1997, the Regional Water System installed a sixteen-inch line in Zero Road and connected to both ends of the twenty-inch line. O'Quinn Enterprises filed a complaint, alleging that these connections triggered the obligation to reimburse it for its costs plus interest pursuant to the recapture agreement.

The Regional Water System filed a motion for a summary judgment, claiming that, because the connections by the Regional Water System were outside the J.C. Road and Robertson Road intersections with Zero Road and because the connections were made for the purpose of looping the system, it was not obligated to pay the recapture amount.

The district court granted the motion for a summary judgment, finding that the agreement was unambiguous and that the connections at issue fell within the two exceptions set out in the agreement. O'Quinn Enterprises moved for a reconsideration of the summary judgment order and requested leave to amend its pleadings. The district court denied the motion, and O'Quinn Enterprises appeals to this Court.

## STANDARD OF REVIEW

A summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Estate of Noell v. Norwest Bank Wyoming, N.A.*, 960 P.2d 499, 500 (Wyo.1998). We review the record from the vantage point most beneficial to the nonmoving party, awarding that party all favorable inferences which may be drawn from the facts. *Austin v. Kaness*, 950 P.2d 561, 563 (Wyo.1997). When a dispute does not exist with regard to the material facts, the question presented for our review is a question of law. *Estate of Noell*, 960 P.2d at 500. We do not accord special deference to the district court's decisions on matters of law. *Id.*

## DISCUSSION

O'Quinn Enterprises claims that the district court improperly ignored the parties' intent and instead limited its focus to the four corners of the document. It maintains that the agreement is ambiguous and that the district court should have considered the surrounding circumstances and the purpose of the contract. Regional Water System replies that the agreement is not ambiguous and that the district court correctly concluded that the connections at issue fall within the exceptions to the recapture obligation.

 Whether a contract is ambiguous is a question of law. *Springer v. Blue Cross and Blue Shield of Wyoming,* 944 P.2d 1173, 1176 (Wyo.1997). When contract provisions are not ambiguous or uncertain, the document speaks for itself, and parol evidence which tends to show that a prior or contemporaneous oral agreement or tacit understanding was made with respect to the agreement terms is not admissible. *Kirkwood v. CUNA Mutual Insurance Society,* 937 P.2d 206, 209 (Wyo.1997). An ambiguity cannot be created by a disagreement between the parties as to the meaning of the contract, and the contract's language will not be "tortured" to create an ambiguity. *Id.*

"[W]here there is no ambiguity, all conversations, contemporaneous negotiations, and parol agreements between the parties prior to a written agreement are merged therein. In the absence of accident, fraud or mistake, parol evidence is not admissible for the purpose of contradicting, subtracting from, adding to, or varying the terms of such written instruments."

*Schinnell v. Doyle,* 6 Wash.App. 830, 496 P.2d 566, 568 (1972) (quoting *Fleetham v. Schneekloth,* 52 Wash.2d 176, 324 P.2d 429, 430 (1958)). *See also Patel v. Harless,* 926 P.2d 963, 965–66 (Wyo.1996).

 The agreement in question provides in relevant part:

In the event parties other than [O'Quinn Enterprises] or Brinkerhoff–Signal, Incorporated desire to connect to the system provided for herein, a payment of the entire costs of materials, in excess of the eight inch (8") diameter pipe, valves, and connections plus interest at the rate of fifteen percent (15%) per annum, prorated on a daily basis, of such other lesser amount as may be granted by Assi[g]nor shall be paid to [O'Quinn Enterprises] and Brinkerhoff–Signal, Incorporated in proportion to the actual costs borne by each party as determined by [Brooks Water] at the completion and acceptance of the construction. No combination of payments described above shall be made in excess of $25,300.00, which is the amount of the actual costs of materials in excess of the eight inch (8") diameter pipe, valves, and connections, plus interest accrued to the date of final payment. These payments to [O'Quinn Enterprises] shall apply only to construction between the intersections of the J.C. Road and Robertson Road with Zero Road.

In the event [Brooks Water] shall, for some purpose other than providing service to third parties, require the exten[s]ion or looping of the lines referenced herein, no payment as herein described above shall be required.

We conclude that this agreement is clear and unambiguous as a matter of law. We, therefore, will not consider parol evidence to interpret its provisions.

The agreement specifically provides that a connection made for the purpose of looping the system is exempt from the recapture obligation. According to the unopposed affidavit of Dean Dickey, the director and project manager of the Central Wyoming Regional Water System Joint Powers Board: "No new customers have been added to the line since the construction. The only purpose for the construction of said line was to effect a looping of the system to insure continuous service to the existing water customers." Thomas Brauer, a civil engineer employed by Civil Engineering Professionals, Inc., analyzed, studied, and presented a plan for the regionalization of the existing and needed water production, treatment, and distribution facilities within central Wyoming. In his unopposed affidavit, he testified:

6. The purpose for the installation of the Joint Powers Board's 16" line in Zero

Road was to serve as a loop of the system. . . .

7. That the installation of the Board's 16" line in Zero Road was only for the purpose of connecting to its existing water transmission lines to provide a continuity of water supply to its customers. No new customers have been added to the Zero Road line.

The purpose for the connection to the twenty-inch line on Zero Road was to loop the system. We hold that this connection is exempt under the agreement and that the recapture obligation was not triggered by the connection of the sixteen-inch line. Our decision on this issue is dispositive. We, therefore, will not address the remaining issues presented by O'Quinn Enterprises. *State v. McDermott*, 962 P.2d 136, 140–41 (Wyo. 1998).

Affirmed.