**PANHANDLE FEEDERS, INC.,**
Appellant (Defendant),

v.

**C & D ENTERPRISES, LLC,**
Appellee (Plaintiff).

No. 99–153.

Supreme Court of Wyoming.

June 1, 2000.

Representing Appellant: John H. Skavdahl of Skavdahl & Wickersham, Harrison, NE. Argument by Mr. Skavdahl.

Representing Appellee: Gerald Mason and Van Graham of Mason & Graham, Pinedale, WY. Argument by Mr. Mason.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

The question on this appeal is whether a landowner who has not received rents payable under a lease agreement may enforce a lien against cattle placed on the land pursu-

ant to a contract between the lessee and the owner of the cattle. Appellant, Panhandle Feeders, Inc. (Panhandle) contends that the district court erred in granting summary judgment for the landowner, C & D Enterprises (C & D). We hold that C & D is not statutorily entitled to a lien and, therefore, not entitled to judgment as a matter of law.

### ISSUES

Panhandle presents this statement of the issues:

1. Did the court error [sic] as a matter of law in finding that C & D Enterprises, LLC provided feed to Panhandle Feeders, Inc. as required by W.S. § 29–7–101 where C & D Enterprises, LLC held no possessory right or present interest to the grass on the lands [on] which Panhandle Feeders, Inc. livestock were pastured?

2. Can a third party landowner who is not a bailee in possession, has not entered into a contractual agreement with the owner of livestock and has not performed any services or provided any feed assert a lien under W.S. § 29–7–101 against livestock which have been pastured on the third party land-owner's real estate?

3. Can a landowner assert a lien under W.S. § 29–7–101 for rent owed the landowner by a lessee under a separate lease agreement against property of a third party located on the leased premises?

4. If a landowner can assert a lien under W.S. § 29–7–101 against property of a third party for rent owed by landowner's lessee can the amount of the lien exceed the amount owed by the third party under a separate contract with the lessee-debtor at the time the lien is asserted by landlord-creditor?

C & D presents these issues:

I. Whether the trial court erred in finding that appellee is entitled to an agister's lien pursuant to Wyo. Stat. 29–7–101(a)?

II. Whether the trial court erred in finding that appellee is entitled to the liquidated amount of $21,000.00 for pasture furnished?

### FACTS

In May 1997, Jim Wilcox leased the land involved here from a partnership. The lease agreement allowed Wilcox to pasture cattle on the land for twelve dollars per head per month. On June 4, Wilcox signed a contract with Panhandle under which Panhandle would place its cattle on Wilcox's leasehold in exchange for paying Wilcox twenty-eight cents for each pound of weight the animals gained while on the land. Two days later, the partnership sold the land to C & D, subject to Wilcox's lease.

Panhandle paid Wilcox a deposit of $28,000 and moved 876 head of cattle onto the land. Wilcox, however, failed to make his required lease payments to C & D. On July 30, C & D informed Wilcox that it was asserting a lien against the cattle and would not permit their removal until it was paid in full. Panhandle terminated its contract with Wilcox and attempted to collect the cattle on September 10, but C & D asserted its lien and would not allow Panhandle to remove the animals.

C & D filed a declaratory judgment action on September 30, 1997, asking the district court to declare that it was entitled to a lien on Panhandle's cattle pursuant to Wyo. Stat. Ann. § 29–7–101(a). The parties entered into a stipulation of facts, and each moved for summary judgment. The district court granted summary judgment in favor of C & D, finding that "there is no genuine material issue of fact in that Plaintiff is entitled to an agister's lien pursuant to W.S. § 29–7–101(a) for pasture furnished to Defendant's cattle[.]" Panhandle filed a timely notice of appeal to this court.

### STANDARD OF REVIEW

Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56; *O'Quinn Enterprises v. Central Wyoming Regional Water System Joint Powers Bd.*, 975 P.2d 1062, 1063 (Wyo.1999). When reviewing a grant of summary judgment, this court will consider the record in the light most favorable to the party opposing the motion and give that party the benefit of all favorable

inferences we may fairly draw from the record. *Id.* When there is no dispute regarding material facts, we are presented with a question of law which we review de novo, affording no special deference to the district court's decisions. *Id.* The parties here agree that the material facts are undisputed and are set forth in the stipulation of facts presented to the district court. We will, therefore, limit our review to determining whether C & D was entitled to judgment as a matter of law.

## DISCUSSION

The statute pursuant to which the district court granted summary judgment to C & D, Wyo. Stat. Ann. § 29–7–101(a) (Lexis 1999), reads:

(a) Any person is entitled to a lien on any goods, chattels or animals for his reasonable charges for work or services performed or feed provided when he:

(i) Makes, alters, repairs, bestows work upon, transports, stores or keeps the same; or

(ii) Feeds, herds, pastures or cares for any domestic or wild animal lawfully held in captivity.

A basic rule of statutory construction calls for us to enforce the plain language of unambiguous statutes in order to give effect to the legislature's intent. *State, Dep't of Rev. & Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). The plain language of § 29–7–101(a) provides for a lien in favor of a party who has provided feed for animals belonging to another. Panhandle argues that C & D did not provide feed for Panhandle's cattle and is, therefore, not within the class of parties entitled to assert a lien under the statute. In support of that position, Panhandle contends that C & D had no possessory right to or present interest in the grass on the land on which Panhandle's cattle were pastured. We agree.

C & D's predecessor in interest leased the land to Wilcox for use as pasture for cattle with the understanding that Wilcox could bring cattle belonging to other parties onto the land to graze. It follows that only Wilcox had a present possessory interest in the land and the grass on the land and that C & D bought the land subject to that interest. It is axiomatic that if Wilcox had an exclusive possessory interest in the grass, then C & D had no possessory interest in it. That being the case, C & D could not have provided feed to Panhandle's cattle because it had none to provide. Because C & D did not provide feed, it is not entitled to a lien pursuant to § 29–7–101(a). To hold otherwise would force Panhandle to act as a guarantor of Wilcox's obligation to C & D, even after Panhandle had fulfilled its obligation to Wilcox.

The district court's grant of summary judgment in favor of C & D is reversed, and the case is remanded for entry of summary judgment in favor of Panhandle.